CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **BRIAN GIBSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00346 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WAXFORD HEALTH,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Brian Gibson, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining that the defendant failed to provide him with Suboxone related to his drug addiction. After review of the Complaint, I conclude that this action must be summarily dismissed.

Gibson's claims arose while he was confined at the Southwest Virginia Regional Jail (SWVRJ) in Haysi on a charge that he had violated a condition of his probation. He claims he brought a prescription bottle of Suboxone with him to SWVRJ. Evid. 2, Dkt. No. 4. After he "was booked in April 17 2025 [he] was immediately taken off suboxone without any withdrawal protocol." Compl. 2, Dkt. No. 1. Gibson submits copies of many requests he filed at SWVRJ, asking about his medication. Evid. Dkt. Nos. 4, 5. Staff responses to those requests indicate that while Gibson was placed on a list of people who had prior prescriptions for

Suboxone, the provider at SWVRJ did not approve him to receive it while there; she did approve him to continue his Wellbutrin prescription. Gibson states that after being denied Suboxone, he suffered withdrawal symptoms for ten days — "puked a lot and was hallucinating seeing things that wasn't there," "was constantly sweating and very very sick," and had difficulty getting out of bed. Evid. 1, ECF No. 5.

Gibson also complains that failure to provide him with Suboxone after he tested positive for fentanyl constituted discrimination, because other SWVRJ inmates who also tested positive for Fentanyl (as he did) were allowed to take Suboxone. Staff responded, "[I]t is up to the provider with what she thinks is best when ordering medication, and because you were positive for Fentanyl she has decided not to write it." Mot. Amend. Compl. Attach. 1, Dkt. No. 11-1.

Gibson's § 1983 Complaint names as the only defendant: "Waxford Health." Compl. 1, Dkt. No. 1. Liberally construed, Gibson alleges that by denying him Suboxone, while allowing other inmates to take it, Waxford Health (a) was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment, and (b) discriminated against him in violation of the Fourteenth Amendment. As relief, he seeks to be placed back on Suboxone and to recover monetary damages.

Under 28 U.S.C. § 1915A(a), (b)(1), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or

employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Gibson does not provide any information about the defendant, Waxford Health.  Apparently, this term refers to a correctional health care company that is contracted to provide medical care for SWVRJ inmates.  It is well established that local government entities are considered "persons" for the purposes of § 1983, but they cannot be held liable solely because they employ an individual who committed an unlawful act. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690–91 (1978).  Rather, local governments can only be sued under § 1983 if the constitutional violation results from a custom or policy of the local government. *Id.* at 691.  This standard also applies to private companies that employ individuals acting under color of state law, such as special police officers or prison medical personnel, who allegedly commit unlawful acts. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).  Thus, a company such as the defendant here can be liable under § 1983 "*only*

when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Id.*

Gibson has not stated facts showing that Waxford's policies required or otherwise caused the alleged deprivations of his constitutional rights, as required to present a viable § 1983 claim against this defendant.  In fact, Gibson's submissions indicate that a medical provider, exercising professional discretion, determined that Suboxone was not appropriate to address his needs, although policy allowed the provider to prescribe that medication to other inmates.  The record simply cannot support a claim that a Waxford Health policy caused the deprivation Gibson claims.  Therefore, I must dismiss all claims against this defendant.

Moreover, even if Gibson amended his Complaint to name as the defendant an individual Waxford employee allegedly responsible for refusing him Suboxone, his § 1983 claims would fail.  A mere disagreement between an inmate and a provider over proper medical care is insufficient to support an Eighth Amendment claim.  *Estelle v. Gamble*, 429 U.S. 97, 105–07 (1976).

Similarly, Gibson fails to allege facts stating a viable discrimination claim against anyone.  Such a claim requires a plaintiff to show that he has been treated differently from others with whom he is similarly situated in all relevant respects and that the unequal treatment resulted from intentional or purposeful discrimination. *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020).  Gibson

cannot show that he was similarly situated in all relevant medical respects to other inmates at SWVRJ who received Suboxone after testing positive for Fentanyl. He also does not state facts indicating that the provider acted from purposeful discriminatory motive.

Because Gibson's allegations fail to state viable claims under § 1983 claims against the defendant he has named, I will summarily dismiss the action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order will enter this day.

                DATED:  November 10, 2025

                /s/  JAMES P. JONES
                Senior United States District Judge